UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENT McFARLAND,<br><br>                    Plaintiff,<br><br>         v.<br><br>BNSF RAILWAY COMPANY,<br><br>                    Defendant. | No.  4:16-CV-05024-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTIONS** |

Before the Court, without oral argument, are Defendant's Fed. R. Civ. P. (6)(b)(1)(B) Motion to Enlarge Time to File Rule 12(c) Motion to Dismiss, ECF No. 107; Motion for Leave to Amend Answer to Plead FELA Preemption, ECF No. 108; and Rule 12(c) Motion to Dismiss Based on FELA Preemption, ECF No. 109.  On March 21, 2017, the Court set forth an expedited schedule for consideration of these motions because it found the substantive issue of preclusion under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 et seq., was potentially dispositive of Plaintiff's claim. *See* ECF No. 110.  For the reasons that follow, the Court denies each of Defendant's motions.

### I.   MOTION TO ENLARGE TIME (ECF NO. 107)

Per the Scheduling Order, all dispositive motions in this matter were due on or before December 2, 2016. ECF No. 19 at 4.  Arguing that it failed to bring such a motion earlier due to "excusable neglect,"

ORDER **-** 1

Defendant asks the Court to extend the deadline to file a Rule 12(c) motion to dismiss based on FELA preemption. *See* ECF No. 107.

Federal Rule of Civil Procedure 16 allows a district court to control case scheduling and management. Generally, a scheduling order will control unless modified for good cause. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Likewise, if a party misses a deadline, under Rule 6(b), the Court "*may*, *for good cause*, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). When determining whether a party's failure to meet a deadline amounts to "excusable neglect," the Court is required to apply a flexible four-factor test, analyzing "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).

Here, the first and second factors are closely connected. Plaintiff was forced to choose between two undesirable options; he could either face the prejudice of needing to respond to additional and unexpected filings during the peak period of trial preparation, or he could accept a continuance and delay trial. Plaintiff chose the former, meaning he bore the extra burden of responding to Defendant's late motions, but these motions will not cause delay.

The third factor is the most important to the Court's analysis. In essence, Defendant argues that it "overlooked" the FELA preemption

defense. *See* ECF No. 107 at 9.  The Court finds this to be an unpersuasive reason to excuse Defendant's delay in bringing its preemption argument.  After all, the determination of whether a party's neglect was excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs.*, 507 U.S. at 395.  And unlike the type of understandable mistakes that might otherwise be excused due to equitable considerations, here, the record of this case — as well as defense counsel's expertise in this particular practice area[1] — show that if Defendant's late filing was due to neglect, such neglect was not *excusable*.

    Fourth, and finally, the Court finds that it is unclear whether Defendant acted in good faith by raising the dispositive issue of FELA preemption when Plaintiff's counsel was preoccupied with the myriad tasks that must be completed in the last few weeks before trial. Defendant offered to continue trial, which would have partially relieved Plaintiff of the prejudice he now faces.  However, as both parties have undoubtedly gone to great efforts prepare for the current trial date, continuance at this late date would burden Plaintiff and his counsel with the additional expenditure of the time and expense required to re-prepare for trial at a later date.  The record before the Court does not provide for a finding that Defendant's latest filings were intended to gain a strategic advantage by diverting Plaintiff's attention away

---

[1] The Court notes that counsel of record for Defendant specialize in railroad law, including FELA cases, and are members of the National Association of Railroad Trial Counsel.  *See*  http://www.montgomeryscarp.com/scarp/; http://www.montgomeryscarp.com/chait/.

ORDER **-** 3

from trial preparation. However, defense counsel's asserted experience in railroad law, the prior filing of two similarly-dispositive motions within the time provided in the Scheduling Order,[2] and then the filing of the current motions mere weeks before trial, require the Court to find that Defendant's delay in filing was certainly not excusable neglect.

The Court therefore finds that Defendant has not shown that its delay was caused by excusable neglect. Further, even assuming Defendant's delay could somehow be based on excusable neglect, the Court finds Defendant has not demonstrated that good cause exists, which is required by Rule 6(b) and Rule 16(b) in order to allow modification of the deadline and relief from the Scheduling Order. And lastly, as discussed below, the Court finds that it would nonetheless deny Defendant's substantive motion. Therefore, Defendant's Motion to Enlarge Time, **ECF No. 107**, is **DENIED**.

## II. MOTION FOR LEAVE TO AMEND ANSWER (ECF NO. 108)

The Court ordered the parties to file all motions to amend the pleadings on or before June 2, 2016. ECF No. 19 at 2. Similar to its request in the Motion to Enlarge, in the Motion for Leave to Amend Answer, Defendant asks the Court to allow amended pleadings well after the deadline so that Defendant may assert a previously unraised affirmative defense: FELA preemption. *See* ECF No. 108.

---

[2] On March 22, 2016, Defendant filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), ECF No. 7, arguing that Plaintiff's claim was preempted by the Railway Labor Act, 45 U.S.C. § 151, et seq. Then, on December 2, 2016, Defendant filed a Motion for Summary Judgment, ECF No. 40, arguing that the Rule 16(f) is self-executing and, therefore, Plaintiff could not show retaliatory motive.

ORDER - 4

As relevant here, a party should be allowed to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). According to the Supreme Court, this means that district courts should grant leave to amend pleadings unless it finds reasons that justify denying such a request, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the Court finds that, because of the close proximity to trial, allowing the requested amendment would unduly prejudice Plaintiff. The Court also finds — as discussed below — that allowing the requested amendment would likely be futile. As such, and for the reasons discussed above in denying ECF No. 107, the Court finds that the interests of justice weigh against allowing Defendant to modify its answer so late in the proceedings; **ECF No. 108** is **DENIED**.

### III. MOTION TO DISMISS BASED ON FELA PREEMPTION (ECF NO. 109)

In its substantive motion, ECF No. 109, Defendant argues that FELA preempts Plaintiff's state-law claim for wrongful termination, and asks that the Court dismiss Plaintiff's complaint. As a preliminary matter, because the Court denied Defendant's requests to file this motion beyond the applicable deadline, **ECF No. 109** is **DENIED AS UNTIMELY**. The Court notes, however, that it would also deny Defendant's FELA preemption motion on its merits.

Federal preemption is a question of congressional intent. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516–17 (1992). Courts

ORDER **-** 5

1 look to the statute to determine whether it was the "clear and manifest
2 purpose of Congress to preempt an area of state law." *CSX Transp. v.*
3 *Easterwood*, 507 U.S. 658, 662–64 (1993).

4    Congress enacted FELA in 1906 to "provide a federal remedy for
5 railroad workers who suffer personal injuries as a result of the
6 negligence of their employer or their fellow employees." *Atchison,*
7 *Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 561 (1987).  Thus,
8 its primary purpose is to enable injured railroad workers to overcome
9 many of the traditional tort defenses that had previously barred
10 recovery, such as assumption of risk, contributory negligence, and
11 contractual waiver of liability. *Lewy v. S. Pac. Transp. Co.*, 799 F.2d
12 1281, 1287 (9th Cir. 1986).  And although FELA section 10, 45 U.S.C.
13 § 60, protects railroad employees from retaliation for providing
14 information that may give rise to a FELA action, "it does not encompass
15 employees who are discharged or disciplined because they themselves
16 initiate FELA actions." *Lewy*, 799 F.2d at 1292–93.  Importantly, no
17 other FELA provision serves to allow a railroad employee to bring a
18 wrongful discharge claim in court. *See id.* at 1293.

19    In contrast, the purpose of Washington State's tort of wrongful
20 discharge "is to prevent employers from utilizing the employee at-will
21 doctrine to subvert public policy." *Rose v. Anderson Hay & Grain Co.*,
22 358 P.3d 1139, 1141 (Wash. 2015).  Its goal is to prevent employers from
23 shielding themselves from liability that would otherwise frustrate a
24 "clear manifestation of public policy," and is intended to encourage
25 both employers and employees to obey the law. *Id.*

26

ORDER ‑ 6

1     The Court finds that in enacting FELA, Congress did not manifest a clear intent to preempt state laws and thereby shield railroad employers from liability for wrongful-discharge actions.  Instead of arising from a railroad-related injury, Plaintiff's claim is based on Defendant's decision to terminate him in violation of Washington State's public policy.  Therefore, FELA does not preempt Plaintiff's claim.

    Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Fed. R. Civ. P. (6)(b)(1)(B) Motion to Enlarge Time to File Rule 12(c) Motion to Dismiss, **ECF No. 107,** is **DENIED.**
2. Defendant's Motion for Leave to Amend Answer to Plead FELA Preemption, **ECF No. 108,** is **DENIED.**
3. Defendant's Rule 12(c) Motion to Dismiss Based on FELA Preemption, **ECF No. 109,** is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   7th   day of April 2017.

                        s/Edward F. Shea___
                          EDWARD F. SHEA
            Senior United States District Judge